# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO,
# WESTERN DIVISION

| | |
|---|---|
| NEWMAN SANITARY GASKET as Plan Administrator of the Newman Sanitary Gasket Employee Benefit Plan, | Case No. 3:18-cv-00340-TMR |
| Plaintiff, | |
| v. | |
| JONI TURNER, and THE TURNER LAW GROUP, INC., | |
| Defendants. | |

## DEFAULT JUDGMENT IN FAVOR OF PLAINTIFF
## AGAINST DEFENDANTS JONI TURNER AND THE TURNER LAW GROUP, INC.

This matter comes before the Court on the motion of Plaintiff, Newman Sanitary Gasket as Plan Administrator of the Newman Sanitary Gasket Employee Benefit Plan, for default judgment against Defendants, Joni Turner and The Turner Law Group, Inc. ECF 20. Defendants have failed to appear, plead or otherwise defend the Complaint or challenge the Entry of Default. The Deputy Clerk previously entered default against the Defendants on March 29, 2019. ECF 19.

This Court has reviewed the motion of Newman Sanitary for a default judgment, ECF 20, in accordance with the Federal Rules of Civil Procedure and good cause having been shown,

**IT IS ORDERED, ADJUDGED AND DECREED** that Newman Sanitary's Motion for Entry of Default Judgment is **GRANTED** as follows:

1. Plaintiff, Newman Sanitary, is entitled to recover a judgment against Defendants, Joni Turner and The Turner Law Group, Inc., in the amount of $34,197.64 pursuant to §

502(a)(3) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(a)(3), R.C. § 1303.60 and 18 U.S.C. § 664.

2. Plaintiff, Newman Sanitary, is further entitled to recover a judgment against Defendants, Joni Turner and The Turner Law Group, Inc., in the amount of $8,265.00 for Attorneys' fees;

3. Plaintiff, Newman Sanitary, is further entitled to recover a judgment against Defendants, Joni Turner and The Turner Law Group, Inc., in the amount of $919.00 for costs associated with prosecution of this action; AND

4. Plaintiff, Newman Sanitary, is further entitled to recover Post-Judgment interest at the statutory interest rate pursuant to 28 U.S.C. § 1961.[1]

The captioned cause is hereby **TERMINATED** upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton. **IT IS SO ORDERED.**

Dated: April 24, 2019.        s/Thomas M. Rose
                              United States District Court Judge

---

[1] Plaintiff also sought punitive damages. In the Sixth Circuit, "ERISA's preemption of state common law generally precludes the recovery of punitive damages specifically. While it is true that the *Davis* [*v. Ky. Finance Co. Ret. Plan*, 887 F.2d 689, 696 (6th Cir.1989)] court … consider[ed] an individual beneficiary's claim for punitive damages under ERISA § 502(a)(2), the reasoning the Sixth Circuit adopted applie[s] to ERISA generally, suggesting that ERISA preempt[s] all claims for punitive damages by a beneficiary, a plan, or fiduciary." *Meritan, Inc. v. Regions Bank*, No. 08-2757-STA-DKV, 2009 WL 2163502, at *5 (W.D. Tenn. July 16, 2009).